Argued and submitted June 10, 1987, reversed January 27, reconsideration denied February 26, petition for review denied March 22, 1988 (305 Or 433)

**BECHTOLD,**
*Respondent,*

*v.*

**McADAMS,**
*Appellant.*

(A8603-01604; CA A41390)

748 P2d 1039

Donald Winfree, Portland, argued the cause and filed the briefs for appellant.

Gregory G. Moore, Portland, argued the cause for respondent. On the brief were Thomas A. Davis, Robert B. Smith, and Smith & Davis, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff, individually and as personal representative of the estate of her deceased husband (Bechtold), brought this action against the trustee of a trust established by Bechtold to require the trustee to pay certain claims that she had submitted. The trial court entered a judgment ordering the trustee to pay plaintiff $72,403.57. We reverse.

Plaintiff and Bechtold had been married for almost 30 years at the time of his death in 1985. They had one adopted daughter, and Bechtold had four sons from an earlier marriage. In 1977, partly motivated by marital problems, he established a revocable trust which gave him the right to the trust income and principal during his lifetime. The residuary beneficiaries of the trust were his four sons. The trust was originally funded with proceeds from a property sale, but those funds were expended and, at his death, the only asset was a $100,000 life insurance policy.

In 1980, the couple executed wills. The attorney who prepared the wills testified that, when they were executed, it was his understanding that Bechtold had changed the beneficiary designation on the policy to plaintiff. After his death, it was discovered that the beneficiary had not been changed. Plaintiff then submitted to the trustee expense claims, which included taxes, medical and funeral expenses, accounting fees, loans from plaintiff and premiums on the life insurance policy which funded the trust. The trustee, defendant, had agreed to serve as trustee on the condition, *inter alia,* that he "not be required to make any decisions on the issues * * *." Thus, he did not act on the expense claims; however, before trial the parties stipulated that the claim had been denied by the trustee. Plaintiff brought this action seeking an order requiring the trustee to pay the claims.

The trustee assigns error to the trial court's apparent conclusion[1] that he had abused his discretion in denying the

---

[1] The trial court did not specifically conclude that the trustee had abused his discretion, but stated:

"Alternatively, I would hold that there is an affirmative duty of the trustee to pay the expenses and debts of decedent, and that the duty is—he does have some discretion if there was available substantial liquid assets. There were not such assets in the estate."

claims and to the court's determination that the trustee should pay $72,000 of the claims submitted by plaintiff. The pertinent language of the trust provides:

> "Upon the death of the Trustor, the Trustee shall pay from the assets of the trust estate the expenses of the Trustor's last illness, funeral and final interment, expenses of administration, debts, taxes of every kind and other liabilities of the Trustor and the Trustor's estate or he shall contribute thereto *to the extent he determines to be appropriate* after taking into account funds available for the payment thereof from sources other than the trust." (Emphasis supplied.)

The first clause of the paragraph directs that the trustee *shall* pay the expenses. However, the language which follows limits that mandate. We conclude that the trust requires the trustee to pay the specified expenses if nontrust funds are not available, but that, if other funds are available, the amount to be paid, if any, is within the discretion of the trustee.

■ A preliminary issue which must be addressed is the subject of review by this court. Plaintiff argues that, because the trustee refused to act, the trial court essentially acted as the trustee and that, therefore, we review the *trial court's* decision for abuse of discretion. Although there might be some circumstances when a court can interpose its judgment when a trustee refuses to act, *see* 3 Scott, *Trusts,* § 187 (4th ed 1988), that is not the posture of this case. Here, although the trustee did refuse to act, the parties stipulated that the trustee's refusal to act constituted a denial. Thus, the trial court and we may review only the *trustee's* denial of the claims for abuse of discretion. *See Rowe v. Rowe et al,* 219 Or 599, 347 P2d 968 (1959).

■ We conclude that the trustee did not abuse his discretion. The trust language allowed him to pay the claims[2] "to the extent he determines to be appropriate" when other funds were available. The evidence here is that there *are* other assets which belonged to Bechtold to meet the claims. The probate inventory for Bechtold's estate shows a one-half interest in real property that is worth $125,000.[3] Although plaintiff would

---

[2] Because of our resolution, we do not address defendant's arguments that plaintiff failed to prove her claims for expenses.

[3] Property passing to wife outside of probate was valued at over $450,000.

prefer that the trust pay the expenses, instead of applying the probate assets which will pass to her under the will, the language of the trust gives the authority to make that decision to the trustee.[4]

Reversed.

---

[4] Plaintiff also argues that, regardless of the language of the trust, a 1979 property settlement agreement between her and Bechtold allows her to be reimbursed for loans which Bechtold verbally agreed to repay her. However, we do not see how any agreement for repayment that she and Bechtold might have had could obligate the trustee to pay the expenses from trust funds.